[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13414
Non-Argument Calendar
_____

Agency No. A95-905-084

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2005
THOMAS K. KAHN
CLERK

WILSON PENA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 10, 2005)

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Wilson Pena, proceeding *pro se*, petitions for review of the Board of

Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ's")

removal order, which in part denied Pena asylum for failure to comply with the

one-year filing deadline.  Because Pena's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), apply.  On appeal, Pena argues that substantial evidence showed that he was eligible for asylum because he experienced a well-founded fear of persecution based on his opposition to the Revolutionary Armed Forces of Colombia ("FARC").  Further, Pena asserts that the IJ improperly questioned him about the Notice to Appear ("NTA") after Pena indicated that he wanted to obtain legal counsel.

The government contends that we do not have jurisdiction to review the IJ's decision regarding the untimely filing of Pena's asylum application.  We first address the jurisdictional issue.

**I. Jurisdiction**

Pena argues that there were extraordinary circumstance that excuse his delay in filing his asylum application.  He claims that he experienced a well-founded fear of persecution based on his opposition to the FARC.  He contends that, by refusing to discontinue his work as a publisher, printing work for subversive organizations, he opposed the FARC, who then threatened to kill him and his children.  He further contends that future persecution is likely based on the fact that he received numerous threats.

2

The government responds that, because Pena failed to file his asylum application within one year after his arrival in the United States and did not meet any of the exceptions that allow late filing, the IJ properly determined that Pena was precluded from applying for asylum.

When, as here, the BIA adopts the IJ's reasoning, we review the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). An alien can apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B); 8 U.S.C. § 1158(a)(2)(B). If, however, "the alien demonstrates to the satisfaction of the Attorney General . . . extraordinary circumstances relating to the delay in filing an application within the [one-year period,]" the asylum application still may be considered. INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). Notwithstanding the IJ's authority to consider an untimely asylum application, "INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D), divests [us] of jurisdiction to review [an IJ's] decision regarding whether an alien complied with the one-year time limit for filing an application for asylum or established extraordinary circumstances that would excuse his untimely filing." *Sanchez v. U.S. Atty. General*, 392 F.3d 434, 437 (11th Cir. 2004) (internal quotation and citation omitted). Therefore, we do not have jurisdiction to review

the IJ's decision regarding the untimely filing of Pena's asylum application. Accordingly, we dismiss that portion of Pena's petition for review.

## II. Withholding of Removal

Pena next argues that he demonstrated eligibility for withholding of removal through his hearing testimony that, should he return to Colombia, he most likely would be persecuted based on his opposition to his persecutors' demands that he stop printing political materials. He contends that, because his persecutors control half of the country, and the government is unable to control their activities, he may face attacks and death if deported. Pena further contends that he was entitled to relief under the Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, ("CAT"), because he experienced mental torture when his persecutors threatened his life, as well as the lives of his children. Pena asserts that his persecutors acted in their capacity as government officials to threaten him, and, based on the current country conditions, he likely will be tortured if he returns to Colombia.

The government responds that substantial evidence supports the IJ's determination that Pena failed to demonstrate that it was more likely than not that he would be persecuted in Colombia. The government notes that the anonymous telephone threats and Pena's fear that he was being followed did not compel a

conclusion that he was being persecuted based on his political opinion. The government contends that there was nothing in the record to indicate that the anonymous threats were the acts of government officials, and Pena admitted that he did not know who allegedly had threatened him.

We review the IJ's legal determinations *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determination that an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence. *Al Najjar*, 257 F.3d at 1283. To reverse the IJ's decision, a reviewing court must conclude that the record not only supports such a conclusion, but compels it. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1 (1992). Where an applicant has failed to establish a well-founded fear of persecution, "he necessarily fails to establish eligibility for withholding of removal or protection under CAT." *Forgue v. United States Atty. Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

An alien seeking withholding of removal under the INA bears the burden of demonstrating that it is "more likely than not" that he will be persecuted or tortured upon being returned to his country. *Fahim v. U.S. Atty. Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002). If the alien demonstrates past persecution, he is presumed to have a well-founded fear of future persecution, unless the government can rebut the presumption. 8 C.F.R 208.16(b)(1)(i) (2001). If, however, the alien does not

establish past persecution, he bears the burden of showing a well-founded fear of future persecution by showing that (1) he fears persecution based on one of the enumerated grounds, (2) there is a reasonable possibility that he will suffer persecution if he returns to his country, and (3) he could not avoid persecution by relocating to another part of his country, if, under all of the circumstances, it would be reasonable to expect him to do so. 8 C.F.R. 208.16(b)(2), (3)(i).

"In making out a claim under CAT, 'the burden of proof is on the applicant to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Al Najjar*, 257 F.3d at 1303 (quoting 8 C.F.R. § 208.16(c)(2)).

Because Pena failed to demonstrate that he had suffered past persecution or torture, or that it was more likely than not that he would be persecuted or tortured if he returned to Colombia, substantial evidence supports the IJ's finding that Pena was not entitled to withholding of removal under the INA or the CAT. Accordingly, we deny his petition for review related to these claims for relief.

## III. IJ's Questioning without Attorney Present

Pena's final argument is that the IJ improperly found that he conceded to proper service of the NTA while he was unrepresented by counsel. According to Pena, at his initial hearing, he clearly indicated that he did not have, but wanted

additional time to seek, legal counsel. Nevertheless, Pena asserts, the IJ continued to ask him about the NTA.

The government responds that Pena's claim fails on three grounds: (1) he provides no supporting argument or authority, thereby waiving the issue; (2) having a lawyer present for a removal proceeding is not a guaranteed right, but a privilege that may be exercised by the alien, which Pena failed to do; and (3) Pena personally signed the certificate of service on the NTA, establishing proper service, even without his concession at the hearing.

To prevail on a due process challenge to a removal proceeding, the alien must demonstrate that the alleged misconduct resulted in "substantial prejudice." *Mullen-Cofee v. INS*, 976 F.2d 1375, 1380 (11th Cir. 1992).

Although Pena had the privilege of legal representation, he was not entitled to it, and, therefore, the IJ's questions regarding the NTA were not improper, Pena did not suffer substantial prejudice as a result of the questioning, and he is not entitled to a new hearing. *See Delgado-Corea v. INS*, 804 F.2d 261, 262 (4th Cir. 1986). Accordingly, we deny Pena's claims as to these issues.

**PETITION DISMISSED IN PART AND DENIED IN PART.**